UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEENA SANDERS, an individual,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF NATIONAL CITY; OFFICER SAKAMOTO; and DOES 1-10,<br><br>　　　　　　　　　Defendants. | Case No.: 20-cv-85-AJB-BLM<br><br>**ORDER ON THE PARTIES' RESPECTIVE RESPONSES TO THE COURT'S ORDER TO SHOW CAUSE (Doc. No. 14)** |

Before the Court are the parties' respective responses to the Court's Order to Show Cause ("OSC") (Doc. No. 14). (Doc. Nos. 15, 16.) In the OSC, the Court ordered Plaintiff to show cause as to why her previously dismissed *Monell* claims based on ratification and a failure to train should not be dismissed with prejudice for failure to prosecute. (Doc. No. 14 at 2.) Additionally, the Court ordered Defendants to show cause as to why their answer should not be considered untimely. For the reasons set forth, the Court **DISMISSES**, without leave to amend, Plaintiff's previously dismissed *Monell* claims, and **ACCEPTS** Defendants' answer.

### I. PLAINTIFF'S PREVIOUSLY DISMISSED CLAIMS

In response to the OSC, Plaintiff's counsel filed a declaration explaining that after the Court's dismissal of Plaintiff's ratification and failure to train *Monell* claims, he was unsure whether he would have sufficient facts to amend those claims. (Doc. No. 16 at 2.) Plaintiff's counsel also attested that he understood that failure to amend by the Court's deadline would convert the prior dismissals to dismissals with prejudice. (*Id.*) Plaintiff now requests to amend her complaint, but only as to the previously dismissed ratification claim.

Although leave to amend is "freely given when justice so requires," Fed. R. Civ. P. 15(a), "futile amendments should not be permitted," *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1292 (9th Cir. 1983). Here, Plaintiff believes that her proposed amended complaint sufficiently states a ratification claim because she "identified the city manager and chief of police, who were the final policy makers for National City at the time of the underlying incident." (Doc. No. 16 at 2.) The Court's prior Order dismissing the ratification claim, however, noted additional factual deficiencies. (*See* Doc. No. 11 at 5 ("Plaintiff makes no mention of who the alleged final policy maker is and how such person 'ratified (or will ratify)' Defendant Officers' acts in this case.).)

Apart from naming certain policymakers, the proposed amendment simply restates the same conclusory allegations that the Court previously found to be insufficient. (*See* Doc. No. 16 at 9–10.) Again, "[w]ithout more, Plaintiff's allegations amount to a formulaic recitation of the elements, and thus, are inadequate to state a *Monell* claim based on ratification." (Doc. No. 11 at 6.) Because the proposed amendment fails to address all of the deficiencies raised in the prior Order, the Court finds that granting leave to amend in this instance would be futile.[1] Accordingly, the Court **DENIES** Plaintiff's request for leave to amend and **DISMISSES**, without leave to amend, Plaintiff's *Monell* claims based on

---

[1] Moreover, Plaintiff failed to file a timely amended complaint—despite being granted the opportunity to do so. And while the Court does not find any bad faith on the part of Plaintiff, her counsel understood that failure to amend by the deadline would be consequential, but nonetheless elected not to file an amended complaint or request an extension of the deadline. (Doc. No. 16 at 2.)

ratification and a failure to train.[2] *See Klamath-Lake Pharm. Ass'n*, 701 F.2d at 129; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) (citing *Wakeen v. Hoffman House, Inc.,* 724 F.2d 1238, 1244 (7th Cir. 1983) ("It is not an abuse of discretion to refuse a request to amend when the proffered amendment merely restates the same facts using different language, or reasserts a claim previously determined."))

## II. DEFENDANTS' UNTIMELY ANSWER

In response to the OSC, Defendants' counsel submitted a declaration explaining that their failure to submit a timely answer was because his office was waiting for Plaintiff to file an amended complaint, and also because he failed update his calendar with an answer due date. (Doc. No. 15-1 at 3.) Defendants' counsel only became aware of the need to file an answer when Plaintiff's counsel contacted his office. (*Id.*) Defendants' counsel further attests that Plaintiff raised no concerns over their filing of an answer, that the missed deadline was a mistake, and that his office, at all times, acted in good faith. (*Id.* at 3–4.)

Under the Federal Rules of Civil Procedure 6(b)(1)(B), the Court may accept a late filing when the moving party's failure to meet the deadline was the result of "excusable neglect." According to the Ninth Circuit, "[t]his rule, like all the Federal Rules of Civil Procedure, is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (internal quotations, citations, and alterations omitted.) Here, the Court finds that Defendants' failure to file a timely answer was the result of "excusable neglect" because such failure was attributed to an unintentional calendaring oversight and the reasonable assumption that Plaintiff was going to file an amended complaint. Thus, considering Defendants' showing of good cause and excusable neglect, and "to effectuate the general purpose of seeing that cases are tried on the merits," *Ahanchian*, 624 F.3d at 1259, the Court **ACCEPTS** Defendants' answer.

//

---

[2] As Plaintiff concedes that she is unable to amend the complaint with sufficient facts to support her failure to train claim, the Court also dismisses that claim without leave to amend. (Doc. No. 16 at 3.)

### III. CONCLUSION

For the foregoing reasons, the Court **DISMISSES**, without leave to amend, Plaintiff's *Monell* claims based on ratification and a failure to train, and **ACCEPTS** Defendants' answer.

**IT IS SO ORDERED**.

Dated:  February 10, 2021

Hon. Anthony J. Battaglia
United States District Judge